UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN QUATTLEBAUM,<br>      Defendant. | Criminal Action No. 07-235 (JDB) |

## MEMORANDUM OPINION

Defendant Kevin Quattlebaum seeks to reduce his 126-month sentence for conviction of a crack cocaine offense based on a retroactive amendment to the sentencing guidelines. See 18 U.S.C. § 3582(c)(2). The Court agrees that Quattlebaum's sentence should be reduced. But because the governing statute imposes a 120-month mandatory minimum, the Court will grant Quattlebaum's motion only in part.

In 2007, Quattlebaum was arrested and charged with unlawful possession with intent to distribute 50 grams or more of cocaine base (also known as crack) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (2006). He was convicted after a jury trial. Quattlebaum appealed, and the D.C. Circuit affirmed his conviction. See United States v. Quattlebaum, 331 F. App'x 755 (D.C. Cir. 2009). On June 30, 2008, the Court sentenced Quattlebaum. Based on the evidence at trial, the Court found that defendant was responsible for 180.35 grams of crack cocaine. See Sentencing Tr. [Docket Entry 80] at 5:15-17 (June 30, 2008). Given that amount, the United States Sentencing Guidelines range applicable to defendant was 121 to 151 months. And the governing statute provided that any person who possesses, with intent to distribute, 50 grams of more of crack cocaine "shall be sentenced to a term of imprisonment which may not be less than 10 years." 21 U.S.C. § 841(b)(1)(A)(iii) (2006). The Court noted that "[c]onsistent with the

sentencing guidelines and that statutory sentencing requirement, I have concluded that a sentence in the lower end of the guidelines is appropriate," and sentenced Quattlebaum to 126 months of imprisonment. Sentencing Tr. at 30:21-23. The Court also imposed a period of supervised release and a special assessment.

The 120-month mandatory minimum required by 18 U.S.C. § 841 at the time of Quattlebaum's sentence reflected a gross disparity in the treatment of crack cocaine and powder cocaine, "impos[ing] upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine." Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012). In 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), which reduced the crack-to-power disparity from 100-to-1 to 18-to-1. See Pub. L. No. 111-220, 124 Stat. 2372. The statute took effect on August 3, 2010. Under the FSA, the mandatory minimum sentence for possessing, with intent to distribute, 180.35 grams of crack cocaine would only be 60 months. See 21 U.S.C. § 841(b)(1)(B)(iii) (2012); see also FSA § 2(a), Pub. L. No. 111-220, 124 Stat. 2372.

In light of the FSA, the United States Sentencing Commission promulgated amendments that lowered the guidelines ranges for crack offenses. See United States Sentencing Commission Guidelines Manual (U.S.S.G.), amends. 748 & 750 (2011 app. C, vol. 3). In a recent policy statement, the Sentencing Commission made the reduced guideline ranges retroactive. See U.S.S.G. § 1B1.10(c) (2012). The parties agree that because the sentencing guidelines range was lowered retroactively, the applicable range for Quattlebaum's offense level and criminal history category is now 78 to 97 months, well below his actual sentence. Relying on this retroactive amendment to the applicable sentencing guidelines range, Quattlebaum moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) [Docket Entry 89]. The government does not oppose

a reduction of Quattlebaum's sentence to 120 months, but objects to any further reduction [Docket Entry 92].

A district court "may not modify a term of imprisonment once it has been imposed," except in limited circumstances. See 18 U.S.C. § 3582(c); see also Dillon v. United States, 130 S. Ct. 2683, 2690 (2010). As relevant here, a court may reduce the sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). However, because sentencing statutes "trump[] the Guidelines," the Court must sentence an offender to at least the minimum prison term set out in the statute regardless of the applicable guidelines range. See Dorsey, 132 S. Ct. at 2327. Accordingly, if the 120-month mandatory minimum applies to Quattlebaum, the Court cannot reduce his sentence below that point.

As an initial matter, the Court finds that a reduction of Quattlebaum's sentence to 120 months is appropriate. After considering the amended guidelines range of 78 to 97 months, the Sentencing Commission's policy statement set forth at U.S.S.G. § 1B1.10, the 18 U.S.C. § 3553(a) factors, and the government's lack of opposition to the reduction, the Court finds the reduction warranted.

The remaining issue is whether the Court can reduce the sentence below 120 months, bringing it within or closer to the amended guidelines range. As the parties recognize, this turns on whether the FSA, which repealed the 120-month mandatory minimum, applies to Quattlebaum, who was sentenced on June 30, 2008, more than two years before the FSA's enactment. Binding authority has answered this question "no." In Dorsey, the Supreme Court held that "the Fair Sentencing Act's new minimums apply to all of those sentenced after August 3, 2010," 132 S. Ct. at 2336, while acknowledging that this rule creates a disparity "between pre-

Act offenders sentenced before August 3 and those sentenced after that date." Id. at 2335. And the D.C. Circuit has squarely held that the FSA "is not retroactive" and a defendant who was "sentenced prior to the August 3, 2010 date of the Act's enactment" "cannot benefit from [it]." United States v. Bigesby, 685 F.3d 1060, 1066 (D.C. Cir. 2012) (internal quotation marks omitted); see also United States v. Fields, 699 F.3d 518, 522 (D.C. Cir. 2012) ("the FSA is inapplicable to offenders, like Fields, who were sentenced before passage of the statute").

Given this rule—that only defendants sentenced after August 3, 2010, can benefit from the FSA—Quattlebaum could benefit from the reduced minimums only if this section 3582 proceeding constitutes a new sentencing. The Supreme Court has considered and rejected this very characterization of section 3582(c)(2) proceedings, however, holding that the provision "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon, 130 S. Ct. at 2691 (emphasis added); see also U.S.S.G. § 1B1.10(a)(3) ("proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant"). Accordingly, Quattlebaum's sentencing date is indisputably June 30, 2008; the FSA thus does not apply to him.

Quattlebaum raises a number of other arguments, but none can overcome the governing rule. For instance, he argues that the reasoning of Dorsey supports applying the FSA retroactively to defendants in his position. True, the Supreme Court's Dorsey analysis supports broad application of the FSA. But Dorsey itself limited its reasoning to defendants sentenced after August 3, 2010, and the D.C. Circuit's holdings in Bigesby and Fields have recognized and reaffirmed this point.[1] Quattlebaum also emphasizes the arbitrariness of treating differently

---

[1] Moreover, in applying the FSA to pre-Act offenders who were sentenced after the Act, the Supreme Court relied heavily on the Sentencing Reform Act's focus on the date "the defendant is sentenced." See Dorsey, 132 S. Ct. at 2332 (internal quotation marks omitted). This critical statutory hook is inapplicable to defendants sentenced before the FSA's enactment.

4

individuals "with identical criminal histories, who engaged in the same criminal conduct involving the same amount of crack, and who sought § 3582(c)(2) reductions at the same time from the same judge." Def.'s Supp't [Docket Entry 94] at 8 (June 28, 2012). But "'disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences.'" Fields, 699 F.3d at 522 (quoting Dorsey, 132 S. Ct. at 2335). And the Supreme Court has acknowledged (and deemed acceptable) that a disparity will exist between otherwise similar offenders based on their sentencing dates. See Dorsey, 132 S. Ct. at 2335 (acknowledging that its holding "will create a new disparity"); see also Fields, 699 F.3d at 522 ("To be sure, the FSA, as interpreted by Dorsey, produces a certain degree of arbitrariness."). The existence of this disparity therefore cannot require applying the FSA to all offenders who file a section 3582(c)(2) motion regardless of their sentencing date. Quattlebaum also underscores the unfairness of the crack-powder disparity and the desirability, given Congress's recognition in the FSA that the disparity is too great, of applying the reduced disparity broadly. It may be unfortunate that Quattlebaum, who is serving a sentence that both Congress and the Sentencing Commission now consider greater than necessary for his crime, cannot get a full reprieve. But Congress, in choosing not to make the FSA retroactive, decided that those like Quattlebaum should continue to serve more severe sentences, and the Court cannot reduce his sentence below 120 months in light of Congress's choice.[2]

      Several courts in this district have considered similar arguments about the FSA's application in section 3582(c)(2) proceedings and have reached the same result. See, e.g., United

---

[2] In his response to the government's sur-reply, Quattlebaum argues that declining to apply post-FSA mandatory minimums where an amended guidelines range applies "raise[s] equal-protection concerns" because Congress's interest in the finality of sentences "has been absolved by § 3582(c)(2) and the Sentencing Commission's decision to make the amended guidelines retroactive." Def.'s Resp. to U.S.'s Sur-Reply [Docket Entry 96] at 2 (July 27, 2012). But Congress does not lose all interest in the finality of sentences such as defendant's by allowing the "limited adjustment," Dillon, 130 S. Ct. at 2691, permitted under section 3582(c)(2). Accordingly, the "interest in the finality of sentences," which provides a "rational basis for limiting the FSA's retroactive effect," Bigesby, 685 F.3d at 1066 (internal quotation marks omitted), continues to justify the distinction.

States v. Baucum, No. 92-423, 2012 WL 6185715 (D.D.C. Dec. 12, 2012); United States v. Seldon, No. 06-318, 2012 WL 6004215 (D.D.C. Dec. 3, 2012); United States v. Sartor, No. 04-455, 2012 WL 3095351 (D.D.C. July 30, 2012). This Court joins them, holding that the pre-FSA mandatory minimums apply to Quattlebaum and preclude any sentence reduction below 120 months in this section 3582(c)(2) proceeding.

## CONCLUSION

For these reasons, the Court will grant [89] defendant's motion to reduce his sentence to 120 months, but will deny any further reduction. A separate order will be issued.

/s/
JOHN D. BATES
United States District Judge

Dated: March 22, 2013